IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTONIO WILEY,

                Petitioner,                  OPINION and ORDER

   v.

                                             20-cv-320-jdp

UNITED STATES OF AMERICA,               18-cr-70-jdp

                Respondent.

---

      Petitioner Antonio Wiley has filed a motion for postconviction relief under 28 U.S.C. § 2255, seeking to vacate his conviction and sentence for one count of distributing heroin. Dkt. 1.[1] Wiley contends that he is entitled to relief because (1) the statutes under which he was convicted and sentenced are unconstitutional; (2) his indictment did not refer to the amount of heroin he distributed or to his prior sentences; (3) his lawyer provided ineffective assistance of counsel by failing to challenge these defects, by misleading him about the sentence he would receive if he pleaded guilty, and by failing to file an appeal after he directed counsel to do so.

      I conclude that Wiley is entitled to an evidentiary hearing on his claim that his lawyer refused his request to file an appeal, and I will appoint counsel to represent Wiley at the hearing.

---

[1] Docket entries are to No. 20-cv-320-jdp unless otherwise noted.

BACKGROUND

Between October 2017 and February 2018, Wiley and a co-defendant sold heroin to an undercover police officer multiple times. A grand jury returned a 14-count indictment, including charges against Wiley and the co-defendant under 21 U.S.C. § 841(a)(1) for conspiring to distribute and to possess with intent to distribute more than 100 grams of a mixture or substance containing a detectable amount of heroin, along with other counts corresponding to individual sales. Dkt. 1 in 18-cr-70-jdp. The government filed an information under 21 U.S.C. § 851 alleging that Wiley was subject to enhanced penalties based on his prior drug convictions. Dkt. 32 in the '70 case. Wiley agreed to plead guilty to count 3 of the indictment—that on December 11, 2017, he distributed a detectable amount of heroin. Dkt. 51 in the '70 case. The plea agreement stated that because the government had filed a § 851 information, Wiley faced a mandatory minimum six-year term of supervised release and maximum prison term of 30 years and lifetime period of supervised release. *Id.* The agreement stated that defense counsel would argue for a 60-month sentence and that the government was free to argue for whatever sentence it believed was appropriate. *Id.* I accepted Wiley's plea and sentenced him to 87 months of imprisonment and six years of supervised release. Dkt. 104 and 105 in the '70 case (plea and sentencing transcripts).

ANALYSIS

Wiley raises a number of challenges to his conviction and sentence, including that he was convicted under unconstitutional statutes, the indictment did not include information crucial to his specific sentence, and that his lawyer failed to challenge these defects and misled him into thinking that he would receive a 60-month prison sentence. But Wiley's key claim

here is that his counsel provided ineffective assistance refusing to file an appeal on his behalf. Wiley says that after he was sentenced, he asked counsel to file an appeal, and later when he called counsel to ask about the appeal, counsel told him that counsel "made the conscious choice not to appeal." Dkt. 2, at 8–9.

Under *Strickland v. Washington*, 466 U.S. 668, 686 (1984), to succeed on an ineffective assistance of counsel claim, the defendant must prove that counsel's performance fell below an objective standard of reasonableness and the defendant must show prejudice. But prejudice is presumed when a lawyer disregards specific instructions from the defendant to file a notice of appeal, regardless how likely an appeal would be to change the result, and even if the defendant has signed an appeal waiver. *Garza v. Idaho*, 139 S. Ct. 738, 747 (2019); *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000). The government states that an evidentiary hearing is necessary to determine whether Wiley in fact requested an appeal and that counsel refused to file one. I agree that a hearing is necessary on this issue.

Wiley requests that he be appointed counsel for the hearing. A federal court may appoint counsel to represent a financially eligible petitioner in a § 2255 proceeding when the interests of justice require. 18 U.S.C. § 3006A(a)(2)(B). To be financially eligible for appointment of counsel, Wiley does not have to be indigent; he must demonstrate only that he is financially unable to obtain counsel. *United States v. Sarsoun*, 834 F.2d 1358, 1362 (7th Cir. 1987) ("The Criminal Justice Act . . . merely requires that a defendant be financially unable to obtain counsel—a lower standard than indigency."). Although Wiley bears the ultimate burden of demonstrating his financial eligibility, "[a]ny doubts as to a person's eligibility should be resolved in the person's favor; erroneous determinations of eligibility may be corrected at a later time." Admin. Office of the U.S. Courts, Guide to Judiciary Policies and

3

Procedures, Vol. 7, pt. A, § 210.40.30(b).[2] Wiley qualified for court-appointed counsel in his underlying criminal case, and he is now in prison, where his financial situation presumably has not improved. I conclude that Wiley is financially unable to obtain counsel. I also conclude that it would serve the interest of justice to appoint Wiley counsel for the evidentiary hearing.

The government seeks to dismiss Wiley's remaining claims for his procedural default and for substantive reasons. Any procedural default might be cured by the outcome of the evidentiary hearing: if I conclude that Wiley's counsel was ineffective by failing to file an appeal, I would grant Wiley's § 2255 motion, vacate the conviction, and reimpose it so that he can pursue a direct appeal. *Ryan v. United States*, 657 F.3d 604, 606 (7th Cir. 2011); *United States v. Hirsch*, 207 F.3d 928, 931 (7th Cir. 2000). And it is premature to address the substance of his other claims. If I allow Wiley to pursue an appeal, I will dismiss his remaining claims without prejudice. *United States v. Barger*, 178 F.3d 844, 848 (7th Cir. 1999) ("Properly, the court should have dismissed the claims without prejudice giving Barger an opportunity to raise the issues after the disposition of this appeal."). If I deny Wiley § 2255 relief on the appeal issue, I will address his remaining claims.

---

[2] Available at http://www.uscourts.gov/rules-policies/judiciary-policies/cja-guidelines/chapter-2-ss-210-representation-under-cja.

ORDER

IT IS ORDERED that:

1. Petitioner Antonio Wiley's motion for appointment of counsel, Dkt. 2, is GRANTED.

2. Once counsel is appointed, a conference will be held to set the date for an evidentiary hearing.

Entered September 7, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge